UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEIDI Y. GALVEZ,<br><br>           Plaintiff,<br><br>    v.<br><br>FORD MOTOR COMPANY, a Delaware Corp., et al.,<br><br>           Defendants. | No. 2:17-cv-02250-KJM-KJN<br><br><br>ORDER |

      On September 30, 2018, the court granted defendant's motion for summary judgment. ECF No. 36. Defendant then submitted its bill of costs, seeking, as relevant here, $534.00 in "other costs." ECF No. 38. These costs include bridge tolls and parking and mileage expenses defendant incurred traveling to attend hearings, taking plaintiff's deposition and attending mediation. *Id.* at 1, 4. Plaintiff contends defendant is not entitled to recover travel expenses. ECF No. 39 at 1 (citing E.D. Cal. L.R. 292(f)). Defendant responds that because this court's local rules do not "specifically provide that said costs are not recoverable," Federal Rule of Civil Procedure 54(d)(1) permits recovery of attorneys' travel expenses. ECF No. 41. As explained below, the court SUSTAINS plaintiff's objection.

      Federal Rule of Civil Procedure 54 provides in pertinent part:

> Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party. . . . The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action.

Fed. R. Civ. P. 54(d)(1). This court's Local Rule 292, drawing on applicable rules of civil

1

procedure, identifies several types of expenses the court may tax as costs. E.D. Cal. L.R. 292(f)(1)-(11). None of those enumerated costs include counsel's travel expenses. *See id.* Rather, courts routinely reject applications for such costs, finding they are more appropriately deemed attorneys' fees than costs. *See Stetler v. Greenpoint Mortg. Funding Inc.*, No. 1:07CV0123 DLB, 2008 WL 652116, at *1 (E.D. Cal. Mar. 7, 2008) (finding defendant was not entitled to recover costs for travel) (citing *Sorbo v. United Parcel Service*, 432 F.3d 1169 (10th Cir. 2005); *Wahl v. Carrier Mfg. Co., Inc.*, 1975, 511 F.2d 209 (7th Cir. 1975)); *Potts v. Hamilton*, No. CIVS030348 DFL-DAD, 2005 WL 1490445, at *5 (E.D. Cal. June 17, 2005) (finding counsel's travel costs "more properly recovered as part of an attorneys' fees motion"); *Atain Specialty Ins. Co. v. Sierra Pac. Mgmt. Co.*, No. 2:14-CV-00609-TLN-DB, 2016 WL 7034887, at *2 (E.D. Cal. Dec. 2, 2016) (finding party could not recover counsel's mileage fee for travel to deposition).

Because defendant is not entitled to recover costs for its counsel's travel, the court SUSTAINS plaintiff's objection. Accordingly, costs are taxed in the total amount of $878.95.

IT IS SO ORDERED.

DATED: March 25, 2019.

_____
UNITED STATES DISTRICT JUDGE